UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KATHALEEN Q. JOHNSON,**

    **Plaintiff,**

v.                                                                            CIVIL ACTION NO. 3:20cv00522

**TRANS UNION, LLC,**

    **Defendant.**

## COMPLAINT

COMES NOW the Plaintiff, **KATHALEEN Q. JOHNSON**, by counsel, (hereafter "Plaintiff"), and for her complaint against the Defendant, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees pursuant to 15 U.S.C. §1681 *et seq*. (Fair Credit Reporting Act or "FCRA").

2. Before the enactment of the FCRA, inaccurate and misleading information was identified as "the most serious problem in the credit reporting industry." 115 Cong. Rec. 2411 (Jan. 31, 1969). With this problem in mind, Congress enacted the FCRA in 1970 to ensure the "confidentiality, accuracy, relevancy, and proper utilization" of credit reports. 15 U.S.C. § 1681(b).

3. To accomplish Congress' goals, the FCRA contains a variety of requirements to protect consumers, including § 1681e(b), which is one of the cornerstone provisions of the FCRA. Whenever a consumer reporting agency prepares a consumer report, § 1681e(b) requires the CRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b). This section

imposes a high, and often disregarded, standard on consumer reporting agencies. *See, e.g.*, *Burke v. Experian Info. Sols., Inc.*, 2011 WL 1085874, at *4 (E.D. Va. Mar. 18, 2011) (breaking down the requirements of § 1681e(b), and explaining that "'assure' means 'to make sure or certain: put beyond all doubt,'" "'[m]aximum' means the 'greatest in quantity or highest degree attainable[,]' and 'possible' means something 'falling within the bounds of what may be done, occur or be conceived.'" (quoting *Webster's Third New International Dictionary* 133, 1396, 1771 (1993)).

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

6. The Plaintiff, Kathaleen Q. Johnson ("Ms. Johnson") is a natural person and "consumer" as defined by § 1681a(c) of the FCRA.

7. Upon information and belief, TRANS UNION, LLC, ("**Trans Union**") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

8. Upon information and belief, **Trans Union** is a "consumer reporting agency", as defined in 15 U.S.C. §1681a(f). Upon information and belief, **Trans Union** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

9. Upon information and belief, **Trans Union** disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

10. Upon information and belief, Plaintiff has been the victim of identity theft.

11. In early 2018, Plaintiff discovered numerous accounts on her **Trans Union** credit report that did not belong to her, specifically a Discover credit card account, a Unifund account, and a Receivables Management Systems collection account.

12. On or about March 5, 2018, Plaintiff made an online dispute to **Trans Union** requesting that the Discover and Unifund accounts be removed from her report.

13. On or about March 30, 2018, **Trans Union** responded to the Plaintiff's dispute by verifying the Discover account as reporting accurately. The Discover account was reporting derogatorily as a charged off account. In addition, **Trans Union** advised that it had verified the Unifund reporting with a balance of $3,550 as accurate.

14. On or about April 5, 2018, Plaintiff made a second online dispute to **Trans Union** again requesting that the misattributed Discover, Unifund and RMS accounts be removed from her credit report.

15. On or about April 28, 2018, **Trans Union** forwarded Plaintiff its response to her April 5, 2018 dispute. **Trans Union** advised that the Discover account had been verified as reporting accurately as a charged off account with a balance of $843. **Trans Union** also advised that the Unifund account had been verified as reporting accurately with a balance of $3,550. The account included notation that the investigation was complete, that the account was placed for collection, but the consumer disagrees. Further, **Trans Union** verified that the RMS account was reporting accurately with a balance of $341. The RMS account included notations that the account had been placed for collection and the investigation was complete but that the consumer disagreed.

16. On July 27, 2018, Plaintiff forwarded a written dispute letter to **Trans Union** and

to dispute the fraudulent Discover card account.

17. On August 25, 2018, Trans Union responded to Plaintiff's July 27, 2018 dispute and advised that the Discover card account had again been verified as accurate.

18. On or about August 30, 2018, Plaintiff sent written dispute letter, by Certified Mail Return Receipt Requested to **Trans Union**, with copies to Unifund and RMS, disputing the alleged Unifund and RMS accounts.

19. On or about September 15, 2018, **Trans Union** forwarded the results of its investigation to Plaintiff and advised that it had verified that the Unifund collection account was reporting accurately with a notation that the investigation was complete but the consumer disagreed. **Trans Union** deleted the RMS account.

20. On or about January 7, 2019, **Trans Union** continued to report the Discover account as a charge off in the amount of $843, and also reported the Unifund account as a collection account with a past due balance of $3,550.

21. Plaintiff has suffered loss of credit and embarrassment on numerous occasions as a result of the inaccurate reporting of the Unifund, Discover and RSM accounts. As an example, Plaintiff has been denied credit by Langley Federal Credit Union in July 2019, Sheehy Ford of Richmond in August 2019, and Capital One Auto Finance in July 2019. These adverse credit decisions were based in whole or in part on information obtained from **Trans Union**.

22. The Discover, Unifund and RMS accounts were inaccurate. The Plaintiff was never responsible for the repayment of these fraudulent accounts.

23. Defendant had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the inaccurate accounts.

24.     **Trans Union** received Plaintiff's disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead, **Trans Union** merely "parroted" the information dictated to it by Discover, Unifund and RMS.

25.     **Trans Union** prepared and published to third parties multiple inaccurate consumer reports about Plaintiff that reflected the derogatory Discover, Unifund and RMS accounts.

### COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)

26.     Plaintiff incorporates by reference all preceding paragraphs as alleged above.

27.     **Trans Union** violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports each furnished and maintained concerning Plaintiff.

28.     As a result of **Trans Union**'s violations of 15 U.S.C. §1681e(b), Plaintiff suffered actual damages including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

29.     The violations by **Trans Union** were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, **Tans Union** was negligent entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

30.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from **Trans Union** in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT TWO: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)

31.     Plaintiff incorporates by reference all preceding paragraphs as alleged above.

32. **Trans Union** violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file.

33. **Trans Union** violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide Discover, Unifund, and RMS with all the relevant information regarding Plaintiff's disputes.

34. **Trans Union** violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

35. **Trans Union** violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

36. As a result of **Trans Union's** violations of 15 U.S.C. §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

37. The violations by **Trans Union** were willful, rendering **Trans Union** liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, **Trans Union** was negligent entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

38. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from **Trans Union** in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant, jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

                                          **KATHALEEN Q. JOHNSON**

By: */s/Leonard A. Bennett*
Leonard A. Bennett, VSB# 37523
Craig C. Marchiando, VSB# 89736
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: craig@clalegal.com

Dale W. Pittman, VSB#15673
**THE LAW OFFICE OF DALE W. PITTMAN, P.C.**
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000 – Telephone
(804) 861-3368 - Facsimile
Email: dale@pittmanlawoffice.com